**After Recording Return To:**
BSI Financial Services
Attn: Recording Department
1425 Greenway Drive, Suite 400
Irving, Texas 75038
**This Document Prepared By:**
Ruth Ruhl, Esquire
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $110,018.83 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

# LOAN MODIFICATION AGREEMENT
(Providing for Deferred Payment on the Maturity Date)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THIS LOAN AND ALL UNPAID INTEREST AND ANY OTHER AMOUNTS THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THIS LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Loan No.: ▓▓▓▓7792

This Loan Modification Agreement ("Modification"), is effective October 1st, 2017            , between Kimberly S Lawrence, a married woman fka Kimberly S Wetzel, a single woman, joined by her husband David J Lawrence
                                                                                                                         ("Borrower"),
whose address is 9901 Avalon Woods Drive, Winter Garden, Florida 34787
and U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services                                                                                                  ("Lender"),
whose address is 1425 Greenway Drive, Suite 400, Irving, Texas 75038
and amends and supplements (1) the Note (the "Note") made by the Borrower, dated April 28th, 2006        , in the original principal sum of U.S.$ 232,000.00        , and (2) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), recorded on May 5th, 2006           , in Book/Liber 03154     , Page 0318           ,
Instrument No. 2006069340       ,                   Records of Lake               County, Florida      .

"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible tax is $ 184,818.73    ."

FLORIDA LOAN MODIFICATION AGREEMENT                                                            Page 1 of 5

Loan No.: ███████7792

The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 9901 Avalon Woods Drive, Winter Garden, Florida 34787
That real property is described as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1. The Borrower represents that the Borrower [X] is, [ ] is not, the occupant of the Property.

2. As of the date of this Modification, the amount payable under the Note and the Security Instrument is $416,818.73 (the "Unpaid Principal Balance). The Unpaid Principal Balance consists of the amount of $306,799.90, which shall bear interest and amortize in accordance with this paragraph (the "Amortizing Amount") and the amount of $110,018.83, which shall not bear interest, except as provided in Section 4, and which shall not amortize. This latter amount is herein referred to as the "Deferred Payment" and is further defined in Section 4.

3. Interest at the rate of 3.125% will begin to accrue on the Amortizing Amount as of October 1st, 2017 and the first new monthly payment on the Amortizing Amount will be due on November 1st, 2017. The new Maturity Date will be October 1st, 2057. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 3.125% | 10/01/2017 | $1,120.51 | $736.53 may adjust periodically | $1,857.04 may adjust periodically | 11/01/2017 | 480 |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |

*Escrow Impound is required as part of this Modification. The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The Borrower will make such payments at 1425 Greenway Drive, Suite 400, Irving, Texas 75038
or at such place as the Lender may require.

4. Borrower acknowledges that interest has accrued but has not been paid and Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest under the Note and the Security Instrument, and that such interest, taxes, insurance premiums and other expenses in the total amount of $110,018.83 (collectively, the "Deferred Payment") will be due and payable on the Maturity Date or upon payment-in-full of all sums evidenced by the Note and this Modification and secured by the Security Instrument and this Modification, whichever first occurs. The Deferred Payment shall not bear interest if paid on the Maturity Date or if the Loan is paid in full prior to the Maturity Date. The Deferred Payment may not be paid separately prior to the Maturity Date. However, if Borrower defaults hereunder and fails to pay the Deferred Payment on the Maturity Date, then any such unpaid amount shall bear interest at the interest rate borne by the Note from such date up to, but not including, the date full payment of the Deferred Payment is made.

Loan No.: ███████7792

      5.      Except to the extent that they are modified by this Modification, the Borrower will comply with all other covenants, agreements, and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

      Further, if applicable, the mortgage insurance premiums may increase as a result of the capitalization which will result in a higher total monthly payment. The date on which Borrower may request cancellation of mortgage insurance may change as a result of the Unpaid Principal Balance.

      6.      Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $110,018.83 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

Loan No.: ███████7792

[To be signed by all Borrowers, endorsers, guarantors, sureties, and other parties signing the Note or Security Instrument].

| | |
|---|---|
| __6-14-18__ <br> Date | _Kimberly S Lawrence_ _____(Seal) <br> ~~Kimberly S Lawrence~~ fka Kimberly S Wetzel —Borrower |
| __6-14-18__ <br> Date | _David J Lawrence_ _____(Seal) <br> David J Lawrence, signing solely to —Borrower <br> acknowledge this Agreement, but not to incur <br> any personal liability for the debt |
| _____ <br> Date | _____(Seal) <br> —Borrower |
| _____ <br> Date | _____(Seal) <br> —Borrower |

## BORROWER ACKNOWLEDGMENT

State of __Florida__ §
County of __Orange__ §
§

The foregoing instrument was acknowledged before me this __June 14th 2018__ [date],
by Kimberly S Lawrence fka Kimberly S Wetzel and David J Lawrence
who is personally known to me or who has produced __Drivers License__ [name of person acknowledging],
[type of identification] as identification.

_Nathan S Flashman_
Signature of Person Taking Acknowledgment

__Nathan S. Flashman__
Name Typed, Printed or Stamped
Notary Public
Title or Rank

Nathan S. Flashman
Commission # FF942585
Expires: February 1, 2020
Bonded thru Aaron Notary

__FF942585__
Serial Number, if any

Loan No.: ▅▅▅▅7792

# LOAN MODIFICATION AGREEMENT
# BANKRUPTCY DISCLOSURE ADDENDUM

THIS LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM is made this 17th day of May, 2018, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services

(the "Lender")

and covers the Property located at:

9901 Avalon Woods Drive, Winter Garden, Florida 34787
*[Property Address]*

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Loan Modification Agreement by the bankruptcy court.**
2. Borrower will seek a discharge in a Chapter 13 bankruptcy proceeding **AFTER** the execution of Loan Modification Agreement;
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement and this Loan Modification Agreement Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Loan Modification Agreement Bankruptcy Disclosure Addendum, the terms of the Loan Modification Agreement will remain unchanged and in full effect.

_____  -Borrower
Kimberly S Lawrence fka Kimberly S Wetzel

_____  -Borrower
David J Lawrence, signing solely to acknowledge this Agreement, but not to incur any personal liability for the debt

_____  -Borrower

_____  -Borrower

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM          Page 1 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

# 1-4 FAMILY RIDER
## (Assignment of Rents)

Loan No.: ▇▇▇▇7792

THIS 1-4 FAMILY RIDER, made    the   17th      day of May, 2018                and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by Kimberly S Lawrence, a married woman fka Kimberly S Wetzel, a single woman, joined by her husband David J Lawrence                                                                                                                (the "Borrower") and U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services

(the "Lender") covering the Property described in the Loan Modification Agreement located at:   9901 Avalon Woods Drive, Winter Garden, Florida 34787

[Property Address]

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

**1-4 FAMILY COVENANTS.** Notwithstanding any other covenant, agreement or provision of the Note and Security Instrument as defined in the Loan Modification Agreement, the Borrower agrees as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**MULTISTATE 1-4 FAMILY RIDER**
**FNMA/ FHLMC UNIFORM INSTRUMENT**

Form 3170 01/01 (Modified)
Page 1 of 4

Loan No.: ▓▓▓7792

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument or the Loan Modification Agreement to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notices of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument and modified by the Loan Modification Agreement; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

**MULTISTATE 1-4 FAMILY RIDER**    Form 3170 01/01 (Modified)
**FNMA/ FHLMC UNIFORM INSTRUMENT**    Page 2 of 4

Loan No.: ███████7792

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument or the Loan Modification Agreement are paid in full.

    **I.   CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

    **J.   TERMS CONTROL PROVISION.** Except as otherwise specifically provided in this 1-4 Family Rider, the Loan Modification Agreement, the Note and Security Instrument will remain unchanged and in full effect.

_6-14-18_
Date

_____(Seal)
Kimberly S Lawrence fka Kimberly S    -Borrower
Wetzel

_6-14-18_
Date

_____(Seal)
David J Lawrence, signing solely to    -Borrower
acknowledge this Agreement, but not to
incur any personal liability for the debt

_____
Date

_____(Seal)
   -Borrower

_____
Date

_____(Seal)
   -Borrower

MULTISTATE 1-4 FAMILY RIDER                                   Form 3170 01/01 (Modified)
FNMA/ FHLMC UNIFORM INSTRUMENT                            Page 3 of 4

Loan No.: ███████7792

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____  -Borrower
Kimberly S Lawrence fka Kimberly S Wetzel

_____  -Borrower
David J Lawrence, signing solely to acknowledge this Agreement, but not to incur any personal liability for the debt

_____  -Borrower

_____  -Borrower

Loan No.: ▇▇▇▇7792

# CORRECTION AGREEMENT

Borrower(s): Kimberly S Lawrence fka Kimberly S Wetzel   Property: 9901 Avalon Woods Drive, Winter
and David J Lawrence                                     Garden, Florida 34787

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is Kimberly S Lawrence fka Kimberly S Wetzel and David J Lawrence   .

"Lender" is U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services
, and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $416,818.73 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____  6-14-18
Kimberly S Lawrence fka              -Borrower (Date)
Kimberly S Wetzel

_____  6-14-18
David J Lawrence, signing            -Borrower (Date)
solely to acknowledge this
Agreement, but not to incur
any personal liability for the
debt

_____        _____
             -Borrower (Date)                       -Borrower (Date)

Loan No.: ███7792

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                                      BORROWER:

N/A Modification
_____        _____   6-14-18
                              (Date)        Kimberly S Lawrence fka Kimberly S    (Date)
                                            Wetzel


N/A Modification
_____        _____   6-14-18
                              (Date)        David J Lawrence, signing solely to    (Date)
                                            acknowledge this Agreement, but not to
                                            incur any personal liability for the debt


_____        _____
                              (Date)                                      (Date)


_____        _____
                              (Date)                                      (Date)


ATTORNEY SELECTION NOTICE -MULTISTATE                                    Page 1 of 1

# Exhibit "A"
# Legal Description

The South 335.00 feet of the North 670.00 feet of:

A tract of land lying in Section 13, Township 23 South, Range 26 East, described as follows: Commence at the Northeast corner of the Northeast one quarter of Section 13, Township 23 South, Range 26 East, Lake County, Florida, run thence South 89°33'20" West along the North line of the said Northeast one-quarter, a distance of 1984.35 feet; run thence South 00°11'34" West, a distance of 1984.35 feet; run thence South 00°11'34" West, a distance of 33.00 feet to a point on the South Right-of-Way line of Phil C. Peters Road, as per O.R.B. 248, Pages 109 and 115 of the Public Records of Lake County, Florida, and the Point of Beginning. Continue thence South 00°11'34" West, a distance of 1340.00 feet; run thence North 89°33'31" East, a distance of 666.01 feet; run thence North 00°00'08" West a distance of 1339.99 feet to a point on the said South Right-of-Way line; run thence South 89°33'20"West, along said South Right-of-Way line, a distance of 661.45 feet to the Point of Beginning. Being and lying in Lake County, Florida, subject to a 33 foot ingress/egress easement over the East 33 feet thereof.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**　　　　　　CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Orange___

On ___June 19, 2018___ before me, ___Heather Garcia, Notary Public___,
　　　　Date　　　　　　　　　　　　　　*Here Insert Name and Title of the Officer*

personally appeared ___Matthew Kyle___
　　　　　　　　　　　　*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ___Heather Garcia___
　　　　　　　*Signature of Notary Public*

[Notary Seal: HEATHER GARCIA, Notary Public - California, Orange County, Commission # 2122874, My Comm. Expires Aug 10, 2019]

*Place Notary Seal Above*

──────────── **OPTIONAL** ────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual　　☐ Attorney in Fact
☐ Trustee　　　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual　　☐ Attorney in Fact
☐ Trustee　　　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association · www.NationalNotary.org · 1-800-US NOTARY (1-800-876-6827)　Item #5907

Loan No: ███████7792

U.S. Bank Trust National Association as Trustee
of the Igloo Series III Trust, by its attorney in fact, -Lender
BSI Financial Services

6/19/2018
-Date

By: _____

Its: Mortgage Loan Officer

Suphap BK

FRIEDMAN VARTOLO LLP

MULTISTATE 1-4 FAMILY RIDER
FNMA/ FHLMC UNIFORM INSTRUMENT

Form 3170 01/01 (Modified)
Page 4 of 4

Loan No.: ███████7792

U.S. Bank Trust National Association
as Trustee of the Igloo Series III Trust, --Lender
by its attorney in fact, BSI Financial
Services

6/19/2018
-Date

By: _____

Its: Mortgage Loan Officer

Loan No.: ████7792

U.S. Bank Trust National Association as
Trustee of the Igloo Series III Trust, by  —Lender
its attorney in fact, BSI Financial
Services

6/19/2018
-Date

By: _/s/_____
Printed Name: Matthew Ryle
Its: Mortgage Loan Officer

(Corporate Seal)

## LENDER ACKNOWLEDGMENT

State of          §
                 §
County of        §

      The foregoing instrument was acknowledged before me this                         ,    *[date]*,
by                                         ,                                       *name of officer or agent,*
*title of officer or agents]* of  U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services

                                                                       , on behalf of said entity.

He/She is personally known to me or has produced
*[type of identification]* as identification.

(Seal)

Signature of Person Taking Acknowledgment

Name Typed, Printed or Stamped

Notary Public
Title or Rank

Serial Number, if any